IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JILL HOLIDAY,<br><br>  Plaintiff,<br><br>v.<br><br>PROGRESSIVE INSURANCE COMPANY,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Civil No. 2:21-CV-173-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff Jill Holiday's Motion to Consolidate pursuant to F.R.C.P. 42(a). Holiday asks this court to consolidate this case with two other cases pending in this court: *Reynolds v. Progressive Insurance*, Case No. 2:21-CV-174-RJS-DBP; and *Rohr v. Progressive Insurance*, Case No. 2:21-CV-198-HCN. The motion is fully briefed. Because the court concludes that oral argument on the motion would not significantly aid the court in its determination of the motion, the court issues the following Memorandum Decision and Order based on the parties' briefing and the law and facts relevant to the motion.

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases "involving a common question of law or fact." Fed. R. Civ. P. 42(a). "[T]he party seeking consolidation has the burden of establishing consolidation is proper under Rule 42(a)." *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, 1:05CV64TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008). The court's determination of whether to consolidate cases is discretionary. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

Courts generally address two issues in determining whether to consolidate actions. *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989). First, the court

must determine whether the cases involve common parties and common issues of law or fact.  *Id.* If common parties and issues exist, the court then weighs the costs and benefits of consolidation. *Id.*  Under this District's Local Rules of Practice, DUCivR 42-1, consolidation is appropriate where "cases arise from substantially the same transaction or event; involve substantially the same parties; . . . call for determination of substantially the same questions of law; or for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." D.U. Civ. R. 42-1.  The court's rule is consistent with courts finding that consolidation is not justified "simply because the actions *include* a common question of fact or law." *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) (emphasis in original).  If cases involve some common issues but the individual issues predominate, consolidation should be denied.  *Id.*

      Holiday CAO argues that the court should consolidate these cases because all three actions involve the same defendant, plaintiffs who were covered under Defendant's insurance policies, and plaintiffs who were denied personal injury protection benefits ("PIP benefits") under those policies.  Although the matters involve three different plaintiffs claiming PIP benefits, they seek those benefits under two separate and distinct insurance policies for two unrelated accidents.  Holiday's action arose out of a June 2020 car accident.  The two other actions arose from a separate car accident.  Moreover, the insurance underwriter in Holiday's case is Progressive Direct Insurance Company, and the insurance underwriter in the other two actions is Progressive Classic Insurance Company.  Thus, although the actions involve a similar question of law regarding PIP benefits, they arose from different factual circumstances. Because the matters involve two separate insurance policies and two separate car accidents, Holiday has not demonstrated that common facts and law predominate.  The individual issues

appear to predominate over the common issues. The court, therefore, concludes that the common issues are not substantial enough to justify consolidation of all three cases.[1] Accordingly, Holiday's Motion to Consolidate is DENIED.

DATED this 4th day of May, 2021.

BY THE COURT:

Dale A. Kimball
United States District Judge

---

[1] While there may be grounds to consolidate the other two cases involving the same car accident and insurance policy, that issue is not before the court. That issue should be addressed in the lowest-numbered case of those two cases.