IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JILL HOLIDAY,<br><br>    **Plaintiff,**<br><br>vs.<br><br>**PROGRESSIVE INSURANCE,**<br><br>    **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:21-cv-173-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

  This matter is before the court on Defendant Progressive Direct Insurance Company's Motion for Relief Under Federal Rule of Civil Procedure 56(d) [ECF No. 22]. On August 19, 2021, Plaintiff filed a Motion for Partial Summary Judgment [ECF No. 21], seeking judgment on Defendant's liability to pay Plaintiff personal injury protection benefits for injuries she alleges were sustained in an automobile accident. In response to the motion, Defendant filed a Rule 56(d) Motion for Relief and Declaration of Joel D. Taylor requesting discovery prior to the court's ruling on Plaintiff's motion. *See* Fed. R. Civ. P. 56(d). Under Rule 56(d), "[i]f a nonmovant shows by affidavit . . . that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [and/or] (2) allow time to obtain affidavits or declarations or to take discovery."

  Defendant's Declaration states that it has had no meaningful opportunity to conduct discovery in this case. Although Plaintiff has served her Initial Disclosures on Defendant, which were due July 2, 2021, she has not produced the documents referred to in her disclosures to Defendant. She filed her Motion for Partial Summary Judgment only six weeks after Initial

1

Disclosures were due. Under the current Scheduling Order in this case, fact discovery does not close until December 3, 2021.

"The central tenet of Rule 56(f) [now 56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'" *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1264 (10th Cir. 2006) (quoting *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). Pre-discovery motions for summary judgment are rarely granted and are disfavored. *See Patton v. General Signal Corp.*, 984 F. Supp. 666, 670 (W.D.N.Y. 1997). The granting of summary judgment with no discovery is to be "granted only in the clearest of cases" because of the importance of discovery for all parties. *Id.; see also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-4 (2d Cir. 2003) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

In this case, the court concludes that Plaintiff's Motion for Partial Summary Judgment is premature. In addition to the lack of documents, Defendant's Declaration states that it has not had an opportunity to depose Plaintiff prior to filing of the motion. The documents and Plaintiff's deposition are critical to Defendants' ability to oppose the motion. Defendant asserts that it is unclear whether the treatments Plaintiff seeks benefits for are adequately tied to injuries she sustained in the automobile accident. These factual uncertainties and/or disputes between the parties must be addressed in discovery before the court rules on Plaintiff's motion.

Because the court concludes that additional discovery is necessary, the court GRANTS Defendants' Rule 56(d) motion for relief [ECF No. 22] and DENIES WITHOUT PREJUDICE Plaintiffs' Motion for Partial Summary Judgment [ECF No. 21] as premature. After the parties

have conducted the appropriate discovery, Plaintiff may submit a renewed Motion for Partial Summary Judgment.

DATED this 22nd day of September, 2021.

BY THE COURT

_____
DALE A. KIMBALL
United States District Judge